IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANNETTE PITTMAN, Individually and on behalf of all other similarly situated; ) ) ) | |
| Plaintiffs, ) | Case No.: |
| v. ) | **JURY DEMANDED** |
| ) ) | |
| DOROTHY BROWN, Individually ) ) | |
| Defendant. ) | |

## COMPLAINT

For his Complaint, Plaintiff, ANNETTE PITTMAN ("Plaintiff"), Individually and on behalf of all others similarly situated, through counsel, DAVID A. NOVOSELSKY and NOVOSELSKY LAW OFFICES alleges as follows:

### PARTIES AND NATURE OF ACTION

1. Plaintiff, ANNETTE PITTMAN ("Plaintiff"), Individually and on behalf of all others similarly situated is a resident of and domiciled in the Estate of Illinois, County of Cook. Plaintiff is also a litigant having filed a law suit as a Plaintiff before the Circuit Court of Cook County, Illinois. She brings this Complaint against Defendant, DOROTHY BROWN, based on Defendant's violation of the protections she is entitled to as a Citizen of the United States of America pursuant to the Fourteenth Amendment to the United States' Constitution, as well as Defendant's violations of 42 U.S.C. § 1983. Plaintiff further brings this law suit against Defendant as a Taxpayer's Law Suit under the common law of the State of Illinois pursuant to the Ancillary Jurisdiction of this Court over those matters.

{00029675.DOC; v. 1}

2. DOROTHY BROWN ("Brown") is an individual domiciled in the State of Illinois, County of Cook, and resides within the Northern District of Illinois, Eastern Division, and is currently serving as the Clerk of the Circuit Court of Cook County, Illinois, a non-judicial member of the Judicial Branch of the government of the State of Illinois.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 because Plaintiff asserts claims pursuant to 42 U.S.C. §1983 and §1985. This Court has subject matter jurisdiction over the state law claims brought under to the common law of the State of Illinois pursuant to its supplementary or ancillary jurisdiction.

4. Venue is appropriate in this District as Defendant is subject to personal jurisdiction in this district and as the events giving rise to Ms. Pittman's claims herein occurred in this District. (See 28 U.S.C. §1391.)

## FACTS COMMON TO ALL COUNTS

5. Plaintiff is a civil litigant who filed one or more lawsuits before the Circuit Court of Cook County.

6. When filing these lawsuits, Ms. Pittman, as every other litigant, was charged and paid certain fees ostensibly for the specific services provided to litigants within and for the exclusive use of the Circuit Court of Cook County, as provided for by Illinois law. Ms. Pittman also pays taxes as a resident of Cook County.

7. Pursuant to Article VIII, Section 1(a) of the Illinois Constitution of 1970, public funds, property or credit shall be used only for public purposes. The use by Defendant

of fees as well as public taxes paid by Plaintiff and others similarly situated for her private gain and personal advantage is also a violation of a Criminal Code of the State of Illinois 720 ILCS 5/33. Defendant BROWN, acting in her individual capacity and with the intent to obtain a personal advantage utilized public funds to support her personal needs and to enhance her political goals. In addition, Defendant BROWN violated the common law doctrine in the State of Illinois known as the "public trust doctrine," which precludes the use of property held for public use for a purpose inconsistent with its originally intended public use and where that conduct benefits a private interest without a corresponding public benefit. (See, for example, *Paschen v. Village of Winnetka*, 23 Ill.App.3d 1023, 1028-1029, First District, 1979, and the cases cited therein.)

## COUNT I

### Violation of the Fourteenth Amendment to the Constitution of the United States and Violation of 42 USC § 1983

8. Plaintiff readopts and realleges the allegations of paragraphs 1 through 7 above as if fully set forth herein as paragraph 8 of Count I.

9. Plaintiff and all other civil litigants who file actions before the Circuit Court of Cook County are entitled to equal protection of the law and access to the court system that is not burdened by excessive and/or unlawful fees charged for said access or by use of said fees for an unauthorized purpose. Any violation of that right, is a violation of 42 U.S.C. §1983. (C.f., *Woodard v. Andrus*, 419 F.3d 348 (5th Cir. 2005).)

10. Defendant BROWN, contrary to her obligations to comply with the strictures imposed upon her by Illinois law to expend public funds only as permitted by the legislative

enactment authorizing such expenditure (the annual Cook County budget, hereafter referred to as "Budget") converted many millions of dollars in those funds for the following purposes:

To hire twenty-seven (27) or more individuals to perform services as attorneys and/or members of the "office of the General Counsel" of the Circuit Court of Cook County.

The twenty-seven (27) or more attorneys which Defendant has designated as members of the Office of the General Counsel has caused a loss of function, service, and availability and not simply within the Office of the Circuit Court Clerk, but has caused a loss of legitimate legal services by virtue of the fact that Budget constraints through legitimate use of public funds have curtailed the availability of more than fifty (5) public prosecutors, public defenders, hearing officers within the Circuit Court, all of which were eliminated by budgets past by Cook County and administered by members of the executive branch or judicial branch who followed the law and applied public funds in a proper fashion.

11. Defendant has also taken public funds and used them for her personal transportation, has used those funds to support her political campaign, has paid for gas, parking, and political campaign usage while acknowledging an obligation to repay the public for that loss of use and conversion of said funds but having failed to do so – even if such reimbursement would otherwise obviate the fact of her conversion.

WHEREFORE, Plaintiff, Annette Pittman, individually and on behalf of all others similarly situated, respectfully prays that this Honorable Court enter judgment in her favor and against Defendant as follows:

a. Find that the conduct of Defendant in the manner in her misuse and conversion of these fees, and constitutes a violation of 42 U.S.C. §1983;

b. Enjoin the ongoing misuse and conversion of said funds;

c. Order the return to Plaintiff and others similarly situated of all funds converted by Defendant for unauthorized use; and

d. Award Plaintiff damages, attorney's fees and costs as provided by 42 U.S.C. § 198.

## COUNT II

### Action for Violation of State Law

12. Plaintiff readopts and realleges the allegations of paragraphs 1 through 11 above as if fully set forth herein as paragraph 12 of Count II.

13. This Court has jurisdiction to hear claims brought under Illinois law as part of its supplemental or ancillary jurisdiction over such matters.

14. Under Illinois law, any and all fees collected from litigants must be used only for the purposes set forth by the enabling legislation and then, regardless of the nature of the enabling litigation, may only be used for court services or other matters relating exclusively to and which benefit the court system and litigants. Said fees may not be used in any regard whatsoever for the discretionary general use of any municipal agency or as general revenue to offset the supposed cost of operating the court system. (*See Crocker v. Finley*, 99 Ill.2d 444 (1984).)

15. Illinois law recognizes that the courts have the power to either declare such conduct unlawful and order the fees collected to be used specifically for the purpose set forth under the statute, assuming that said statute otherwise complies with Illinois law.

16. Under Illinois law, public property and public funds may not be used where it directly benefits a private interest without a corresponding public benefit. By converting public funds as described in Count I of this Complaint BROWN has converted public funds for her own use and is now obliged to reimburse Plaintiff and others similarly situated pursuant to the common law of the State of Illinois as well as its statutes.

17. Illinois law further recognizes the standing of Plaintiff to seek this relief before this Court.

18. As a result of the conduct of Defendants as set forth in the proceeding paragraphs of this Count and elsewhere in this Complaint, Plaintiff and others similarly situated have been damaged through the unnecessary and improper use and/or conversion. They are entitled to a return of those fees, and payment of other damages caused by the conduct of Defendants.

WHEREFORE, Plaintiff, Annette Pittman, individually and on behalf of all others similarly situated, respectfully prays that this Honorable Court enter judgment in his favor and against Defendants as follows:

 a. Find that the conduct of Defendant in the manner in her misuse and conversion of these fees, and constitutes a violation of Illinois law;

 b. Enjoin the further conversion of these public funds by Defendant BROWN;

 c. Order the return to Plaintiff and others similarly situated of all fees previously collected by Cook County in violation of Illinois law and converted by Defendant for unauthorized use;

    d.    Order Defendants to pay Plaintiff and his counsel all fees and costs incurred in bringing this action, and permitted pursuant to federal law; and

    e.    Grant whatever other relief this Court shall deem just and appropriate.

## COUNT III

### CONVERSION UNDER ILLINOIS LAW

19.    Plaintiff readopts and realleges the allegations of paragraphs 1 through 18 above as if fully set forth herein as paragraph 19 of Count III.

20.    Defendant BROWN, has willfully converted public funds for her personal use.

21.    Illinois law, as well as the Constitution of the State of Illinois, makes the use of public funds for unauthorized or personal usage a civil offense permitting the recovery of those funds in an appropriate taxpayer's action, as well as a civil and criminal offense.

22.    According to the public statements of Defendant BROWN, she uses public funds not as allowed by the Budget of her office, but as she sees fit.

WHEREFORE, Plaintiff, Annette Pittman, individually and on behalf of all others similarly situated, respectfully prays that this Honorable Court enter judgment in his favor and against Defendant BROWN as follows:

    a.    Repayment of all fees and monies converted by Defendant BROWN for unauthorized or personal usage;

    b.    Punitive damages in an amount appropriate under Illinois law as well as guidelines set for such damages by the United States Supreme Court; and

c. Removal from office pursuant to Illinois law which permits and requires removal of any public official from office for the use of public funds other than as specifically authorized by statute, ordinance, or a properly-adopted budget.

As a result of the conduct of Defendant BROWN, she has engaged in conversion and has violated Illinois law which requires her removal from office.

    Respectfully submitted,

    ANNETTE PITTMAN, Individually and on behalf of all others similarly situated

    By: /s/ David A. Novoselsky
         David A. Novoselsky

David A. Novoselsky
NOVOSELSKY LAW OFFICES
120 N. LaSalle St., Suite 1400
Chicago, IL 60602
(312) 346-8930
ARDC #02069881